AO 91 (Rev. 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America <br> v. <br><br> JOSEPH M. WILSON <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) Case No. 3:24-mj-00413 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **May 2024 to Present** in the county of **Montgomery** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 846 | Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance. |

This criminal complaint is based on these facts:

See affidavit of Special Agent Brandon Capps, FBI

☑ Continued on the attached sheet.

*Complainant's signature*

SA Brandon Capps, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **Telephone** *(specify reliable electronic means)*.

Date: 7/17/24

City and state: Dayton, Ohio

Peter B. Silvain, Jr.
United States Magistrate Judge

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Brandon Capps, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging Joseph WILSON with one violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and cocaine, a Schedule II controlled substance.

2. I have been employed as a Special Agent with the Federal Bureau of Investigation ("FBI") since March of 2020. Prior to my employment at the FBI, I was employed for three years as a Certified Public Accountant for Plante Moran, PLLC. While employed by the FBI, I have conducted investigations federal criminal violations related to violent crimes against children, sexual exploitation of children and human trafficking. I am currently assigned to investigate violent crime matters to include organized crime, narcotics and controlled substance trafficking, firearms violations, and other federal violent crime offenses associated with Title 18 and Title 21 of the United States Code.  I have gained experience through training at the FBI to include interviewing techniques, arrest procedures, search and seizure, search warrant applications, and investigative techniques. Additionally, I have experience utilizing confidential informants, toll records, GPS information, digital and social media search warrants, bank records, and other analytical procedures in furtherance of federal investigations. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

3. Through my training and experience as well as discussions with other law enforcement investigators and cooperating suspects, I have become familiar with coded terminology utilized by drug trafficking organizations to disguise their illegal activities and the manner in which they conduct these illegal activities. Furthermore, I have become familiar with the activities of drug smugglers and drug trafficking distribution networks.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

5. Since this affidavit is being submitted for the limited purpose of establishing probable cause authorizing the arrest of WALDON, I have not included each and every fact and circumstance of which I am aware. I have set forth only those facts which I believe are necessary to establish such probable cause.

## PROBABLE CAUSE

6. Beginning in or about May 2024, I began investigating Steven WALDON for drug trafficking in the greater Dayton, Ohio area. Through a combination of physical and electronic surveillance, I learned that WALDON and another coconspirator, Joseph WILSON, worked together to traffic fentanyl. During my investigation, I physically observed WALDON and WILSON travel together to conduct drug buys. I also learned, through phone toll analysis, that WALDON and WILSON communicated frequently to coordinate their drug trafficking activities.

7. Specifically, between May 2024 and July 2024, a confidential and reliable informant ("CS-1")[1] conducted five controlled purchases of fentanyl from the WALDON DTO.

---

[1] CS-1 has provided information in the past that has proven to be true and accurate through independent investigation and which has led to the issuance of search warrants and the recovery of illegal drugs, money, and

2

These buys largely demonstrated a consistent pattern in the WALDON DTO's drug trafficking activities—namely, WALDON, using cell phone number (937) 469-5648 (the "5648 Phone"), coordinated the sale of drugs with CS-1 over Facebook Messenger. During those communications, WALDON instructed CS-1 to meet him (WALDON) at a specific location to conduct the transaction. WALDON, using the 5648 Phone, then contacted WILSON regarding the buy. WILSON would typically transport the drugs in a vehicle from the stash house located at 4892 Marburn Avenue, Dayton, Ohio 45417, to the buy location and provide the drugs to WALDON. WALDON, in turn, would then hand the drugs to CS-1 in exchange for U.S. currency.

8. For each of these controlled buys, law enforcement physically and electronically monitored the transaction and searched CS-1 prior to and after each buy to ensure that the only contraband in CS-1's possession was the drugs s/he had purchased from WALDON. On all five occasions, the substance CS-1 purchased from WALDON field-tested positive for fentanyl. To date, I have received laboratory results for two of the five controlled buys confirming, through forensic analysis, that the substance CS-1 had purchased from WALDON was in fact fentanyl.

9. Throughout my investigation I have observed frequent short-stay traffic at WALDON's residence—4860 Porterfield Drive, Dayton, Ohio 45417—consistent with drug trafficking. I, in conjunction with other investigators, have reviewed pole camera footage of 4860 Porterfield Dr. and observed several instances where individuals, both known and unknown to law enforcement, stop at 4860 Porterfield for short periods of time before leaving. I believe that

---

weapons. CS-1 is working for financial consideration. CS-1 has prior criminal felony convictions related to narcotics. CS-1 has never provided materially false information

in most, if not all, of these interactions, WALDON is selling fentanyl to these individuals. By way of example, on June 11, 2024, I reviewed pole camera footage and saw approximately five vehicles coming and going from 4860 Porterfield over the course of a five-hour period. In each instance, the vehicle only stayed at 4860 Porterfield for short periods of time (usually fewer than ten minutes). During this same time frame, on multiple occasions law enforcement observed WILSON drive away from 4860 Porterfield and then return after only a brief time away, consistent with WILSON traveling to 4892 Marburn Ave. Based on my training and experience, as well as my knowledge of the DTO's methods of operation, I believe that WILSON was leaving 4860 Porterfield to obtain from 4892 Marburn Ave. more drugs to sell to customers, and then returning to 4860 Porterfield to provide those drugs to WALDON.

10. On July 17, 2024, pursuant to federal search warrants, agents searched the residence located at 4892 Marburn Ave., where WILSON was found. Inside 4892 Marburn Ave. agents discovered approximately 440 grams of fentanyl (total packaged weight), a Schedule II controlled substance. Additionally, agents found approximately 502 grams of cocaine (total packaged weight), a Schedule II controlled substance. I know, based on my training and experience, that this quantity of fentanyl and cocaine is a trafficking quantity inconsistent with personal use. Also inside 4892 Marburn Ave. were a set of keys that opened the door of 4860 Porterfield Ave., further bolstering my belief that WALDON and WILSON were working together in a drug trafficking conspiracy.

11. All of these events occurred in the Southern District of Ohio.

//
//

## **CONCLUSION**

12.     Based upon the information provided within this affidavit, I believe that probable cause has been shown that, beginning on a beginning date unknown, but by at least in or about May 2024, and continuing through on or about July 17, 2024, Steven WALDON and Joseph WILSON violated Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, by conspiring together to distribute and possess with intent to distribute a substance and mixture containing a detectable amount of fentanyl, a Schedule II controlled substance, and cocaine, a Schedule II controlled substance.

Respectfully submitted,

Brandon Capps
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to via reliable electronic means on July 17th, 2024.

Peter B. Silvain, Jr.
United States Magistrate Judge

5